UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| COMMON GROUND, <br><br> Plaintiff, <br><br> v. <br><br> SCOTTSDALE INSURANCE COMPANY et al., <br><br> Defendants. | Case No. 25-11895 <br> Honorable Laurie J. Michelson |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND [9]

In 2012, Oakland County leased a Pontiac building to Oakland Community Health Network, a mental health services provider. (ECF No. 9, PageID.282.) In 2014, OCHN subleased a portion of the building to Common Ground, a crisis services agency. (*Id*.) Federal Insurance Company provides property insurance to Oakland County and covered the building. (*Id*.) And Scottsdale Insurance Company provided liability insurance to Common Ground. (*Id*. at PageID.283.)

On January 5 and November 14, 2023, patients of Common Ground damaged some sprinkler heads in the building, causing flooding. (*Id*.) So Oakland County filed a claim with Federal Insurance, which paid Oakland County to cover the damage to its building. (*Id*.) To then recover the money it paid out to the County, Federal asserted a subrogation claim against both tenants of the building—OCHN and Common Ground—in Oakland County Circuit Court. (ECF No. 9-2.) In turn, Common Ground tendered the lawsuit to Scottsdale, its insurance provider, who declined to

defend or indemnify Common Ground in the lawsuit brought by Federal. (ECF No. 1-2, PageID.237–247 (acknowledging receipt of subrogation demand and declining to defend or indemnify).)

So, on June 2, 2025, Common Ground sued Federal, Scottsdale, and OCHN in Oakland County Circuit Court claiming breach of contract and seeking a declaratory judgment as to Scottsdale's obligations under the insurance policy. (*See* ECF No. 1-2.) On June 24, 2025, Scottsdale removed this case to federal court. (ECF No. 1.) But on its face, it is not clear that the complaint is removable. There is no federal question presented in this case. *See* 28 U.S.C. § 1331. And Common Ground (the plaintiff) and OCHN (a defendant) are both citizens of Michigan, so there is not complete diversity. *See id.* § 1332. Thus, attempting to invoke this Court's subject matter jurisdiction, Scottsdale claims that Common Ground's inclusion of OCHN as a defendant in this case is "improper, fraudulent, nominal, and/or was done with the intent to prevent the removal of this action." (ECF No. 1, PageID.3.) Accordingly, it asks that this Court "disregard" OCHN for "purposes of determining whether removal of this action under 28 U.S.C. § 1332 is proper." (*Id.* at PageID.3–4.)

Common Ground makes the opposite request and asks the Court to remand this case for lack of subject matter jurisdiction. (ECF No. 9.) It argues that OCHN "as Plaintiff's sub[lessor] . . . is a necessary party interested in the insurance coverage declaratory judgment action" and that it was not named as a defendant "to destroy diversity or for any other improper purpose." (*Id.* at PageID.294.) Scottsdale opposes the motion. (ECF No. 15.) For their parts, OCHN and Federal filed responses taking

2

no position on the motion to remand. (ECF Nos. 17 & 18.) Given the adequate briefing and record, the Court considers the motion without further argument. *See* E.D. Mich. LR 7.1(f).

**I.**

A party seeking removal has the burden to show that the federal court has subject matter jurisdiction. *Ahearn v. Charter of Bloomfield*, 100 F.3d 451, 454–55 (6th Cir. 1996). "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

Establishing that joinder of a party is "fraudulent" requires no proof of the plaintiff's actual motive. *Id.*; *see also* 16 Moore's Federal Practice § 107.52[4][a] (3d ed. 2025) ("The term 'fraudulent joinder' is a bit misleading because it requires neither a showing of fraud nor joinder."). Instead, the central inquiry is "whether [the plaintiff] had at least a colorable cause of action against [the non-diverse defendant] in the Michigan state courts." *Jerome-Duncan*, 176 F.3d at 907 (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). Federal courts look to state law to determine whether a plaintiff states "a colorable cause of action" against the non-diverse defendant. *Id*. Where a plaintiff seeks "no monetary or other relief that [the non-diverse defendant] could legally provide," the non-diverse party's

3

"designation as a defendant does not provide grounds for remand." *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 565 (6th Cir. 2015).

## II.

Thus, the question for this Court to answer is whether, under Michigan law, Common Ground has a "colorable cause of action" against OCHN in this lawsuit. The Court finds that the answer to that question is no.

In the state court complaint that was removed to this Court, Common Ground sues Scottsdale for: (1) breach of contract—duty to defend; (2) breach of contract—duty to indemnify; and (3) declaratory relief as to Scottsdale's obligations under the relevant insurance policy. (ECF No. 1-2, PageID.12–15.) For these claims, Common Ground seeks "judgment in its favor and against Scottsdale in an amount greater than $25,000" and a declaration that "Scottsdale has an obligation to defend and indemnify Common Ground." (*Id.*) But Common Ground does not assert any causes of action against Federal or OCHN. And it does not seek any "monetary or other relief that [OCHN] could legally provide." *Chambers*, 796 F.3d at 565. Accordingly, because there is no "colorable cause of action" against OCHN in the complaint, it is a "fraudulently" joined party.

Resisting this conclusion, Common Ground says that OCHN is a "claimant" to the Scottsdale insurance policy and that "Michigan law is clear that a claimant has standing to seek a declaration of the rights of the insureds and obligations of the insurer under [an] insurance policy." (ECF No. 9, PageID.289 (citing *Auto-Owners Ins. Co. v. Keizer-Morris, Inc.*, 773 N.W.2d 267, 270 (Mich. Ct. App. 2009)).) On that

4

basis, it says, "[i]n this case" OCHN is a party "with a substantial interest who [is] entitled to be heard in Common Ground's Declaratory Judgment Action." (*Id.* at PageID.293.) Put differently, Common Ground says that OCHN was properly joined here because it has an interest in the resolution of this case. It explains that OCHN's defense against Federal's subrogation lawsuit is that Common Ground is responsible for any damages to the building and that it has agreed to indemnify OCHN. (*See* ECF No. 9-3, PageID.349–350, 357.) So Common Ground says OCHN would benefit from knowing the outcome here—that is, whether this Court grants or denies a declaration that Scottsdale has an obligation to defend or indemnify Common Ground in Federal's subrogation lawsuit.

But whether OCHN is a "claimant" or whether it would, hypothetically, have standing to bring its own claims against Common Ground or Scottsdale is not at issue here. (*See* ECF No. 15, PageID.372.) As Scottsdale puts it, "[a] removing party is not required to prove or disprove that any other party has standing. Instead, a party is fraudulently joined if the plaintiff does not establish a cause of action against the non-diverse party." (*Id.* at PageID.373.) In other words, what matters is not whether OCHN has standing to bring a claim but whether OCHN has "request[ed] the adjudication of any claim or asserted any legal cause of action." (*Id.* at PageID.378.) It has not.[1] Additionally, Common Ground fails to assert a claim against OCHN "that

---

[1] Tellingly, though OCHN has appeared in this case, it does not purport to have any claim against Common Ground. Instead, it advises that "it was sued as a nominal defendant in the above captioned action and [Common Ground's] Complaint seeks no relief against OCHN. Therefore, OCHN takes no position on the Motion to Remand." (ECF No. 18, PageID.403.)

5

could reasonably result in liability under state law." *See Chambers*, 796 F.3d at 565. The Court thus denies Common Ground's motion to remand. *See id.* at 566 (explaining that the fraudulent joinder of a non-diverse defendant "does not provide grounds for remand").

Because OCHN is not a proper defendant, "the proper procedure [is] . . . to dismiss" OCHN from this case. *Probus v. Charter Comms., LLC*, 234 F. App'x 404, 407 (6th Cir. 2007); *see Chambers*, 796 F.3d at 565 (affirming district court's order dismissing fraudulently joined defendants from the case). But Scottsdale instead asks the Court to realign OCHN as a plaintiff, arguing that OCHN's interests overlap with Common Ground's. (ECF No. 15, PageID.380.)

True, a court may realign parties "according to their interests in the litigation." *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010). But it may decline realignment where it lacks "briefing from the parties about the potential issues raised by such a move." *Democratic Party of Wis. v. Vos*, 966 F.3d 581, 588 (7th Cir. 2020). That is especially so where the non-diverse party "remains free to sue on [its] own behalf" if it so chooses, and where the party seeking realignment has "not offered a reason why" it has "standing to raise, on [the non-diverse party's] behalf, the issue of [its] position in the litigation." *Id.* For those reasons, the Court will not realign OCHN here. The parties have provided scant briefing on this issue. Scottsdale briefly raises realignment at the end of its response to Common Ground's motion to remand. (ECF No. 15, PageID.378–380.) And neither Common Ground, nor OCHN, nor Federal have taken a position on realignment.

6

Importantly, it is unclear whether OCHN could have a viable claim against any of the other defendants in this case—or, indeed, whether it *wants* to attempt to litigate such a claim as a plaintiff. Without more guidance from the parties, especially from OCHN as the would-be plaintiff, the Court declines to put them in a position they likely do not want to be.

### III.

Because the Court finds that OCHN was fraudulently joined, its designation as a defendant does not provide grounds for remand. So the Court DENIES Common Ground's motion (ECF No. 9) and DISMISSES OCHN from the case.

SO ORDERED.

Dated: September 4, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
